## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PENSION PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PROFIT SHARING PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 JOINT APPRENTICESHIP AND TRAINING PLAN, and LABOR MANAGEMENT COOPERATIVE COMMITTEE 1719 Spring Garden Street Philadelphia, PA 19130, and LOCAL UNION 98 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS 1701 Spring Garden Street Philadelphia, PA 19130, | : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO.  22-cv-4055 |
| Plaintiffs, | : | |
| v. | : : | |
| SAFE-ROUTE ELECTRIC, INC. 345 North 12th Street, Unit D Philadelphia, PA 19107, and MELVIN DAVIS, JR. c/o Safe-Route Electric, Inc. 345 North 12th Street, Unit D Philadelphia, PA 19107, | : : : : : : : : : | |
| Defendants. | : | |

## COMPLAINT

**JURISDICTION AND VENUE**

    1.     The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f)

of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132

(a)(3)(B), (d)(1) and (f), and §301(a) of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(c).

2.      This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, and the LMRA, 29 U.S.C. §185(a), because all Plaintiffs have offices in the Eastern District of Pennsylvania and the breach occurred in the Eastern District of Pennsylvania.

**PARTIES**

3.      At all times relevant hereto, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 98 Health & Welfare Fund (hereinafter the "Health Plan"), the International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan (hereinafter the "Pension Plan"), the International Brotherhood of Electrical Workers Local Union No. 98 Profit Sharing Plan (formerly the Deferred Income Plan) (hereinafter the "Profit Sharing Plan"), and the International Brotherhood of Electrical Workers Local Union No. 98 Joint Apprenticeship and Training Trust Fund (hereinafter the "Apprenticeship Plan") have been, and are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

4.      At all times relevant hereto, Plaintiff Labor Management Cooperative Committee (hereinafter "LMCC.") has been, and is, a joint labor-management cooperation committee created pursuant to Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. §175(a), and Section 302(c)(9) of the Labor Management Relations Act, 29 U.S.C. §186(c)(9).

5.      At all times relevant hereto, Plaintiff Local Union 98 of the International Brotherhood of Electrical Workers (hereinafter "Local 98") has been, and is, an unincorporated association commonly referred to as a labor union and is the exclusive representative for the

purposes of collective bargaining of certain employees who are and/or were employed by

Defendant Safe-Route Electric, Inc., in an industry affecting interstate commerce within the

meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

6.      Plaintiffs maintain their principal place of business and are administered from

offices listed in the caption, which are in the Eastern District of Pennsylvania.

7.      Defendant Safe-Route Electric, Inc. (hereinafter the "Employer") is an employer

in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7),

1002(5), (11) and (12) which maintains the business address listed in the caption.

8.      Defendant Melvin Davis, Jr. ("Davis") is an owner and/or officer of the Employer

with control over the assets of the Employer. Davis maintains a business address listed in the

caption.

9.      Defendant Employer is and has been a party to a series of collective bargaining

agreements with Local 98 for work performed in Philadelphia and vicinity ("CBA"). A true and

correct copy of the 2017-2020 CBA is attached as Exhibit A. A true and correct copy of the

2020-2023 CBA is attached as Exhibit B.

10.     By virtue of the CBA, the Employer agreed:

(a)      to deduct contractual deductions from the paychecks of employees covered by the
collective bargaining agreement and to remit those amounts, and to pay contractually
required contributions to the Health Plan, Pension Plan, Profit Sharing Plan,
Apprenticeship Plan, LMCC, and Local 98 (collectively, the "Plaintiffs"). See Exhibit B,
Article III, Sections 3.03, 3.04, 3.05, 3.06, 3.07, 3.08, and 3.09;

(b)      to file monthly remittance reports with the Plaintiffs listing all employees for
whom contributions were due under the collective bargaining agreement and the total
number of hours each such employee worked during that month. See Exhibit B, Article
II, Section 2.03(d);

(c)      to pay liquidated damages and all costs of litigation, including attorneys' fees,
expended to collect any amounts due as a consequence of the Employer's failure to

comply with its contractual obligations as described in subparagraphs (a), (b), or (c). Exhibit B, Article III, Section 3.11(b); and

(d)      to be bound by the applicable trust agreements of the Health Plan, Pension Plan, Profit Sharing Plan, and Apprenticeship Plan (collectively, the "Funds"), which require the Employer to produce, upon request by all books and records deemed necessary to conduct an audit of the Employer's records concerning its obligations to the Funds. See Exhibit B, Article III, Sections 3.04, 3.05, 3.06, and 3.11; Exhibit C, the Health Plan Trust Agreement, at Section 3(b); Exhibit D, a January 3, 2008 Amendment to the Pension Plan at Section 4.3; Exhibit E, a January 3, 2008 Amendment to the Profit Sharing Plan, Section 3.3; Exhibit F, a January 3, 2008 Amendment to the Apprentice Plan, Section 4.3; Exhibit G, the International Brotherhood of Electrical Workers Local Union No. 98 Benefit Plans Policy for Collection of Delinquent Contributions, Payroll Audits, Return of Mistaken Contributions, and Bonding.

11.      Pursuant to ERISA, the CBA and the Funds' delinquency policy, any contribution that is not received by its due date is charged interest at the Internal Revenue Service rate.

12.      Pursuant to ERISA, the CBA and the Funds' delinquency policy, late payments are also charged liquidated damages equal to ten percent (10%) of the principal delinquency.

## COUNT ONE
### Plaintiffs v. Employer
### Payroll Audit

13.      The above paragraphs are incorporated herein by reference as though duly set forth at length.

14.      The remittance reports submitted each month by the Employer are self-reported. That is, the Employer prepares the remittance reports which document the amounts the Employer must pay each month.

15.      To assure that the correct amounts are reported and paid each month, the Funds have created a policy to conduct periodic payroll audits.

16.      The Funds' outside auditor conducted a payroll audit of the amounts reported and contributed by the Employer for the period from November 1, 2018 through March 31, 2021 under the CBA ("Audit"). A copy of the Audit is attached hereto as Exhibit H.

17.     The Audit was later revised to remove all hours from 2021, as the Defendant

Employer failed to provide the necessary information for this period. Exhibit H.

18.     The Audit determined that, for the period of November 1, 2018 through

December 31, 2020, the Defendant Employer underpaid its contributions and failed to remit

required wage deductions in the total amount of $13,056.47. Exhibit H.

19.     As of April 18, 2022, the date that the Audit was revised and finalized, the

principal delinquency identified by the audit for the period of November 1, 2018 through

December 31, 2020 identified by the audit had accrued $1,641.42 in interest and $1,710.59 in

liquidated damages. Exhibit H.

20.     To date, the Defendant Employer has not paid this outstanding balance.

21.     Based on the Audit, Defendant Employer owes a total of $13,056.47 in principal

contributions and wage deductions for the period of November 1, 2018 through December 31,

2020, plus $1,641.42 in interest as of April 18, 2022, and $1,710.59 in liquidated damages.

22.     In addition, the delinquent principal contribution and wage deductions have and

will accrue additional interest on a daily basis until paid, in accordance with the CBAs, the

Funds' delinquency policy, and 29 U.S.C. §1132(g)(2)(B).

**WHEREFORE**, plaintiffs ask that the Court:

a)  Enter judgment in favor of the Plaintiffs and against Defendant Employer for
    $13,056.47 in unpaid principal contributions and wage deductions for the
    November 1, 2018 through December 31, 2020 audit period, pursuant to the
    CBA and 29 U.S.C. §1132(g)(2)(A);

b)  Enter judgment in favor of the Plaintiffs and against the Defendant Employer
    for $1,641.42 in interest as of April 18, 2022, pursuant to the CBA and 29
    U.S.C. §1132(g)(2)(B);

c)  Enter judgment in favor of the Plaintiffs and against the Defendant Employer
    for such additional interest that accrues on the amounts set forth in (a) after

April 18, 2022, calculated at the I.R.S. rate, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

d) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for $1,710.59 in liquidated damages on the principal amounts set forth in (a), pursuant to the CBA and 29 U.S.C. §1132(g)(2)(C);

e) Enter judgment in favor of the Plaintiffs and against the Defendant Employer for attorneys' fees and costs, pursuant to the CBAs and 29 U.S.C. §1132(g)(2)(D); and

f) Grant any other further relief the court finds just and proper.

## COUNT TWO
### Health Plan, Pension Plan, Profit Sharing Plan, and Apprentice Plan
### v. Melvin Davis, Jr.
### Breach of Fiduciary Duty

23. The above paragraphs are incorporated herein by reference as though duly set forth at length.

24. Section 2(b) of the Health Plan's Trust Agreement, as amended on July 28, 2004, states as follows:

> Title to all monies paid into said Fund shall be vested in the Trustees of the Fund, in trust as of the date the employer's obligation to contribute arises.

A true and correct copy of the Health Plan's Trust Agreement's July 28, 2004 amendment is attached hereto as Exhibit I.

25. Article IV, Section 4.1(d) of the Pension Plan's Trust Agreement, as amended on January 3, 2008; Article III, Section 3.1(d) of the Profit Sharing Plan's Trust Agreement, as amended on January 3, 2008; and Article IV, Section 4.1(d) of the Apprenticeship Plan's Trust Agreement, as amended on January 3, 2008, each state as follows:

> Title to and possession of all monies which are contributions to be paid into the Fund shall be vested in the Trustees of the Fund as of the date the Covered Employer's obligation to contribute arises.

Exhibits D, E, and F, respectively.

6

26.     Pursuant to the Agreements and Declarations of Trust governing each of the Plaintiff Funds, the title to and possession of all monies which are contributions to be paid into the Funds are vested in the Trustees of the Funds as of the date the employer's obligation to contribute arises.

27.     Once employees of the Employer performed bargaining unit work, the monies due to the Funds became an asset of the Funds upon the date such amounts became due pursuant to the CBA.

28.     At all relevant times, Defendant Melvin Davis, Jr. has been, and is, the principal officer of the Defendant Employer. In this capacity, the Defendant Davis was ultimately responsible for preparing, reviewing, authorizing payment, and submitting monthly reports and contributions to the Plaintiffs.

29.     Thus, Defendant Davis exercised control over the disposition of money that became a plan asset immediately upon the date the Employer's obligation to contribute arose.

30.     Based on the functions that Defendant Davis performed, he individually maintained both formal and practical authority to direct that proper fringe benefit contributions be paid to the Plaintiffs at all times relevant hereto.

31.     Based on the functions that Defendant Davis performed, he exercised authority and control over the management and disposition of certain Trust Fund assets.

32.     As a result of exercising control and management over Trust Fund assets, Defendant Davis is a fiduciary under ERISA.

33.     Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries... for the exclusive purpose of... providing benefits to [them]." 29 U.S.C. §1104(a)(1).

34.     A fiduciary who uses Trust Fund assets to satisfy other personal or business obligations breaches the fiduciary duty under ERISA.

35.     Because Defendant Davis willfully and intentionally used Trust Fund assets contained within their personal accounts and the accounts of Defendant Employer for purposes other than the exclusive purpose of providing benefits to the Trust Fund participant and beneficiaries, the Defendant Officers breached their fiduciary duty.

36.     Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary..." 29 U.S.C. §1109(a).

37.     Defendant Davis is personally liable for the portion of the principal contributions, and interest and liquidated damages attributed thereto, due to the Health Plan, Pension Plan, Profit Sharing Plan, and Apprenticeship Plan under ERISA, jointly and severally with the Defendant Employer.

**WHEREFORE**, Plaintiffs ask that the Court:

a) Declare that Melvin Davis, Jr. is a fiduciary of the Health Plan, Pension Plan, Profit Sharing Plan, and Apprenticeship Plan by virtue of his individual exercise and control of plan assets and he be found in breach of their fiduciary duties;

b) Enter judgment against Melvin Davis, Jr. finding him liable, jointly and severally, with Defendant Employer for the portion of the principal delinquency due to the Health Plan, Pension Plan, Profit Sharing Plan, and Apprenticeship Plan, as well as the interest, liquidated damages and attorneys' fees and costs on said amounts as found to be owed by Defendant Employer in this matter; and

8

c)  Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI LLP

BY:     /s/ Ryan R. Sweeney
WILLIAM T. JOSEM, ESQUIRE
RYAN R. SWEENEY, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099
wtjosem@cjtlaw.org
rsweeney@cjtlaw.org

DATED:  October 11, 2022